## Taylor *et als. v.* Dwyer.

APPEAL from Montgomery Chancery Court.
Heard before the Hon. W. L. PARKS.

JOHN G. WINTER and JACK THORINGTON, for appellant.

DeYAMPERT & HAUSMAN, for appellee.

In the case of Henrietta J. Dwyer against Frank G.

Taylor and others, pending in the chancery court of Montgomery, in which a receiver was appointed, the receiver filed a petition addressed to the register of the chancery court of Montgomery, asking for an order to sell the property belonging to the defendant, Frank G. Taylor. Upon the hearing of this petition the register granted the order. An appeal was taken from the order of the register granting the order for sale; and upon the hearing of the appeal, the chancellor dismissed the appeal and confirmed the order of the register for the sale of the personal property by the receiver. From this decree of the chancellor the present appeal is prosecuted. The order of sale by the register was made under rule 115 of Chancery Practice (Code of 1896, p. 1228), and the appeal taken from said order of the chancellor was taken under said rule.

It appears from the record that there was a hearing on the petition for the sale of the property before the register, and that evidence was at such hearing offered and considered by the register, and which he decided sufficient to authorize the order of sale made by him. And so it appears in the opinion of the chancellor which is copied in the record, that on the appeal before him, he had sufficient evidence to warrant him in concluding that the order of sale made by the register was proper. The record here does not purport to set out the evidence had either before the register or chancellor.

On the present appeal the court declares as follows: "In this state of the case we can not say that there is an error in the decree of the chancellor appealed from, which confirms the order of sale made by the register. Before there can be a reversal of a decree by the chancellor, error in its rendition must be affirmatively shown by the record. Such is not the case here, and the decree of the chancellor must be affirmed."

The decree is affirmed.

Opinion by Dowdell, J.